UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MADDALONE, | CASE NO. 1:11-cv-00743-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| B. WINKLES, et al., | (ECF Nos. 1 and 14) |
| Defendants. | |

## I. INTRODUCTION

On May 9, 2011, Plaintiff John Maddalone, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 1, 2012, after reviewing Plaintiff's Complaint, the Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on his Eighth Amendment claim against Defendant Winkles and his First Amendment claim

1

against Defendant Bergland. (ECF No. 14.) Plaintiff has since notified the Court of his willingness to forgo an amended complaint and proceed with his cognizable Eighth and First Amendment claims. (ECF No. 20.) Accordingly, the remaining claims and Defendants should now be dismissed.

## II.   ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereon if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's Complaint pursuant to this statute and issued a Screening Order on August 1, 2012. (ECF No. 14.) In that Order, the Court found that the Complaint stated a cognizable Eighth Amendment excessive force claim against Defendant Winkles based on the allegation that Winkles applied force maliciously and sadistically to cause harm. (Id. at 9, 10.) The Court also determined that Plaintiff stated a cognizable First Amendment retaliation claim against Defendant Bergland based on the allegations that Bergland conducted a midnight interrogation and filed a false rules report because Plaintiff had exercised his First Amendment right to file an inmate grievance. (Id. at 14.)

The Court found no other cognizable claims. Plaintiff failed to demonstrate how Defendant Chavez or the Doe Defendants participated in the alleged violations. (Id. at 6, 7.) Plaintiff did not explain the basis for his remaining claims, purported violations of his rights based on: inadequate medical care (id. at 11, 12); denied request for an "Olsen

Review" (id. at 14); access to courts (id. at 15, 16); equal protection (id. at 16); and the Americans with Disabilities Act (id. at 17).

The Court gave Plaintiff the option to proceed only against Defendant Winkles on his Eighth Amendment excessive force claim and Defendant Bergland on his First Amendment retaliation claim or to file an amended complaint. Plaintiff has notified the Court that he wishes to proceed only on his cognizable claims against Defendants Winkles and Bergland. (ECF No. 20.) Accordingly, Plaintiff's other claims and all other Defendants should now be dismissed.

## III.   CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be permitted to proceed on his Eighth Amendment claim that Defendant Winkles applied force maliciously and sadistically to cause harm and First Amendment claim that Defendant Bergland retaliated against Plaintiff because of protected conduct; and

2. All of Plaintiff's remaining claims and the remaining Defendants be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive

the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     October 9, 2012                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE